**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TASHNA SIMONE RABALOUS, Petitioner, vs. DCFS-11390 W. OLYMPIC, et al., Respondents. | Civil No. 07-2070 BTM (POR) **ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION** |

Petitioner is a prisoner proceeding pro se with a habeas corpus action filed pursuant to 28 U.S.C.A. § 2254 (West Supp. 2006). Petitioner has not filed a motion to proceed in forma pauperis and has not paid the $5.00 filing fee. Upon reviewing the petition, the Court finds that this case should be transferred in the interest of justice. Thus, the Court does not rule on Petitioner's in forma pauperis status.

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). Petitioner is presently confined at Lynwood County Jail, which is within the jurisdictional boundaries of the United States District Court for the Central District of California, Western Division. *See* 28 U.S.C. § 84(c)(2). Petitioner's state court conviction also occurred in Los Angeles County Superior Court, which is located within

the jurisdictional boundaries of the United States District Court for the Central District of California, Western Division *See* 28 U.S.C. § 84(c)(2). Thus, jurisdiction exists in the Central District but not the Southern District.

Although this Court does not have jurisdiction over the action, "[u]nder a provision of the Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of jurisdiction the court shall transfer the action to any other such court in which the action could have been brought 'if it is in the interest of justice.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citing *In re McCauley*, 814 F.2d 1350, 1351-52 (9th Cir. 1987)). The Ninth Circuit has held that transferring a habeas corpus proceeding to a district with proper jurisdiction will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is "time-consuming and justice-defeating." *Miller*, 905 F.2d at 262 (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). Therefore, pursuant to 28 U.S.C. § 1631, this Court may transfer this proceeding to a district with proper jurisdiction under 28 U.S.C. § 2241(d).

When a habeas petitioner is challenging a state court conviction, the district court of the district in which the state court conviction took place is a more convenient forum because of the accessibility of evidence, records and witnesses. Thus, it is generally the practice of the district courts in California to transfer habeas actions questioning state court convictions to the district in which the state court conviction took place. Any and all records, witnesses and evidence necessary for the resolution of Petitioner's contentions are more readily available in Los Angeles County. *See Braden*, 410 U.S. at 497, 499 n.15 (stating that a court can, of course, transfer habeas cases to the district of conviction which is ordinarily a more convenient forum). Therefore, in the furtherance of justice,

**IT IS ORDERED** that the Clerk of this Court transfer this matter to the United States District Court for the Central District of California, Western Division. *See* 28 U.S.C. § 2241(d).

**IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order upon Petitioner and upon the California Attorney General.

DATED: November 5, 2007

Honorable Barry Ted Moskowitz
United States District Judge